ORDER
NOW ON THIS 1st day of November, 2000, the above styled case comes on for consideration before the Judicial Appeals Tribunal consisting of Justices, Darrell Dowty, presiding, and, Darell R. Matlock, Jr.; Chief Justice, Philip H. Viles, Jr., having entered his Order of Recusal dated October 19, 2000; after examining the files and records in the proceedings, the Judicial Appeals Tribunal enters the following findings and order:
The Judicial Appeals Tribunal being a constitutional body under Article VII of the Constitution of the Cherokee Nation of Oklahoma of 1975 has the supreme authority over decisions of the judicial process of the Cherokee Nation.
The powers of the government of the Cherokee Nation are separate and distinct and neither shall exercise the powers properly belonging to either of the others. Article IV of the Constitution of the Cherokee Nation of Oklahoma of 1975.
Decisions of the Cherokee Nation District Court are subject to review by the Cherokee Nation Judicial Appeals Tribunal as the Court of final review. Title 20 Section 11 of the Cherokee Nation Code Annotated.
The Judicial Appeals Tribunal has original and exclusive jurisdiction over any disagreement arising under any provision of the Constitution of the Cherokee Nation. Title 20 Section 51(A) of the Cherokee Nation Code Annotated.
The Judicial Appeals Tribunal has authority to exercise superintendence overcourts of inferior- jurisdiction. Title 20 Section 52 and Section 53 of the Cherokee Nation Code Annotated.
The Judicial Appeals Tribunal’s decisions shall have the force of law, as to the construction and application thereof, in all the Courts of this Nation. Title 20 Section 54 of the Cherokee Nation Code Annotated.
The Judicial Appeals Tribunal has inherent powers to punish for contempt to maintain dignity and authority as contemplated by the Constitution.
*36 The Judicial Appeals Tribunal powers to punish for contempt is “sui generis” (neither civil or criminal) and is to be used by the Court for compelling performance and punishment for disrespect.
The composition of the Judicial Appeals Ti'ibunal at the time indicated in the pleadings issued proper orders in exercise of superintendence over the District Court.
The Judicial Appeals Tribunal further finds that all issues of compelling performance are moot and it would serve no purpose to punish the Respondent.
THEREFORE, on the Court’s own motion IT IS ORDERED that the contempt charge be dismissed.